[No. D007744. Fourth Dist., Div. One. Aug. 9, 1988.]

DAVID ALLEN LUCAS, Petitioner, v.
THE SUPERIOR COURT OF THE COUNTY OF SAN DIEGO,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Steven E. Feldman, Christopher Blake and Alex L. Landon for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Daniel T. Williams and George W. Clarke, Deputy District Attorneys, for Real Party in Interest.

**OPINION**

**WORK, J.—** In this case, we hold a criminal defendant's constitutional rights to due process and equal protection of the laws are not denied by the requirement of Penal Code section 1330 that he, or his counsel, file a declaration attesting to a belief the witnesses have evidence making their attendance at trial material and necessary in order to obtain a court endorsement before subpoenaed witnesses may be compelled to attend a trial more than 150 miles from their residence. We reach this conclusion although there is no similar requirement protecting subpoenaed witnesses to

civil litigation, who may be compelled to attend trial from anywhere in the state.

## I

David A. Lucas asked the superior court to endorse certain subpoenas for the purpose of requiring witnesses to attend his criminal trial which is to be held more than 150 miles from their places of residence. Penal Code section 1330 does not restrict a defendant's ability to subpoena witnesses who reside anywhere within the state; however, if those persons are called to attend a trial greater than 150 miles from their residence, they *may not be compelled* to attend unless the subpoena has been endorsed by a judge. The court refused endorsement when Lucas failed to submit a declaration of belief in the fact those witnesses possessed evidence which was material and necessary to his case. Lucas claims the requirement that he obtain an endorsement after filing a declaration of materiality and necessity is unconstitutional. Lucas stresses the statutory difference in treatment of civil and criminal cases, suggesting the restriction on issuance for nonresident witnesses in Penal Code section 1330 denies him equal protection of the laws and due process by restricting the rights of an accused. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7, subd. (a).)[1]

Code of Civil Procedure section 1989 contains no endorsement requirement and a party may compel attendance of witnesses subpoenaed anywhere within this state, with no showing of materiality. Disobedience to the subpoena is punishable as contempt (Code Civ. Proc., § 1991) and by forfeiture of $500 plus damages to the party aggrieved (Code Civ. Proc., § 1992). Thus, in the absence of a successful motion to quash, civil witnesses may be compelled to attend civil proceedings anywhere within the State of California without the court being satisfied they possess material evidence. However, there are significant safeguards to deter improvident subpoenas of civil witnesses. The civil witness is entitled *upon demand* to receive travel fees to and from the place designated and one day's fees for trial attendance in advance. (Code Civ. Proc., § 1987.)

In comparison, a defendant in a criminal case may not compel attendance of witnesses living more than 150 miles from the place of trial without filing an affidavit attesting to a belief the witness has material testimony to give and attendance at the trial is "material *and* necessary" and obtaining an

---

[1] The People skirt these arguments by relying solely on the presumption that statutes are valid unless their unconstitutionality "clearly, positively and unmistakably appears," and merely stating Lucas fails to demonstrate any clear, positive and unmistakable unconstitutionality of Penal Code section 1330.

endorsement from the court.[2] Further, although Penal Code sections 1329 and 1329.1 state witness fees and expenses are county charges in criminal cases, these fees and expenses cannot be claimed by the witness before attendance.[3]

## II

Both the relevant civil and the criminal statutes have their origin in the California Statutes of 1851. Chapter 5, section 402, page 115, relating to civil litigation, prohibited compulsory attendance of witnesses who were subpoenaed to attend court out of the county in which they reside. The criminal statute equivalent, chapter 29, section 558, page 274, contained a similar prohibition with an exception: compulsory attendance was available for witnesses subpoenaed to appear outside the county in which they resided if the subpoena was endorsed by proper judicial functionary. Thus, in 1851, the statute applying in criminal cases was more liberal than that in civil cases, because compulsory attendance of witnesses in civil cases for out of county residents was absolutely prohibited. Over the years the statutory geographical limitations in both instances were increased independently, with no apparent legislative attempt to consider parity. In 1980, the civil jurisdiction was increased to 500 miles and, in 1981, abolished altogether. Thus, until 1980, the restriction on the ability of civil litigants to compel attendance of witnesses at proceedings more than 150 miles from their place of residence was more restricted than that of parties to criminal actions. Without any expression of legislative intent, the Legislature removed all geographical restrictions in 1981.

In his equal protection argument, Lucas does not contend Penal Code section 1330 does not uniformly apply to all criminal litigants. Indeed, the statute specifically states both prosecutors and defendants must seek court endorsement and file affidavits of materiality. He argues the relevant classification is broader, i.e., all justice system litigants entitled to subpoena witnesses, and thus he is being denied equal protection of these laws by the endorsement requirement not applicable to civil litigants.

█ The concept of equal protection of the laws requires all persons similarly situated with regard to the legitimate purpose of the law receive

---

[2] The statute does not, upon its face, suggest the party asking for the endorsement do anything other than state the conclusion as to materiality and necessity. Moreover, we have found no published decision holding Penal Code section 1330 requires a factual showing of merit to be evaluated for sufficiency by the court.

[3] Interestingly, a witness failing to attend after lawfully being subpoenaed in a criminal matter may be required to pay only $100 to the defendant. Thus, a witness failing to appear in a civil matter is liable to pay $500 plus actual damages, while a criminal defendant is only entitled to $100.

like treatment. (*In re Eric J.* (1979) 25 Cal.3d 522, 531 [159 Cal.Rptr. 317, 601 P.2d 549].) "Generally, to satisfy equal protection requirements the legislative classification need only rationally relate to a conceivable, legitimate state purpose, while cases involving 'suspect classifications' touching on 'fundamental interests' are strictly scrutinized. Under the stricter standard, the State must establish its compelling interest which justifies the law and that the distinctions drawn by the law are necessary to further its purpose. [Citations omitted.]" (*Carroll v. State Bar* (1985) 166 Cal.App.3d 1193, 1206 [213 Cal.Rptr. 305]; *Fullerton Joint Union High School Dist. v. State Bd. of Education* (1982) 32 Cal.3d 779, 798-799 [187 Cal.Rptr. 398, 654 P.2d 168]; *Westbrook v. Mihaly* (1970) 2 Cal.3d 765, 784-785 [87 Cal.Rptr. 839, 471 P.2d 487].)

Lucas encourages us to apply the stricter standard because of the alleged infringement on his fundamental constitutional right to compel attendance of witnesses in his behalf. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.) However, "[b]oth the United States Supreme Court and . . . [the California Supreme] court have recognized that not every limitation or incidental burden on a fundamental right is subject to the strict scrutiny doctrine. When the regulation merely has an incidental effect on the exercise of protected rights, strict scrutiny is not applied. The doctrine is applied only when there exists a real and appreciable impact on, or a significant interference with, the exercise of a fundamental right. [Citations.]" (*Vannier v. Superior Court* (1982) 32 Cal.3d 163, 171 [185 Cal.Rptr. 427, 650 P.2d 302].) ■ Here, as we shall explain, the endorsement requirement does not encroach upon Lucas's constitutional rights to due process in the context of presenting evidence (*Washington v. Texas* (1967) 388 U.S. 14 [18 L.Ed.2d 1019, 87 S.Ct. 1920, 1923]) or to compel the attendance of witnesses, but rather constitutes a reasonable, minimally burdensome requirement designed to promote those very rights. It serves to safeguard the challenged statutory scheme which rests on due process principles by placing the financial burden of obtaining witnesses for criminal proceedings on the county (Gov. Code, § 29603; Pen. Code, § 1329), while preventing abuse by screening out witnesses who can offer only constitutionally unprotected immaterial and cumulative evidence (see *People v. Smith* (1985) 38 Cal.3d 945, 958-959 [216 Cal.Rptr. 98, 702 P.2d 180]) and protecting the rights and interests of witnesses in judicial proceedings within the state.

■ Equal protection is offended only if the statutory classification rests on grounds wholly irrelevant to achieving the state objective. (*Holt Civic Club v. Tuscaloosa* (1978) 439 U.S. 60 [58 L.Ed.2d 292, 99 S.Ct. 383, 390]; *McGowan v. Maryland* (1961) 366 U.S. 420 [6 L.Ed.2d. 393, 81 S.Ct. 1101, 1105].) This principle suggests the state objective in adopting the statute must be ascertained as of the date it was established. Here, the law has

remained unchanged since 1851, except for codification in 1872. In context, the apparent legislative concern was for witnesses who would be substantially inconvenienced by being forced to travel long distances to attend judicial proceedings. The exception in the criminal statute assisted parties to criminal actions by permitting them to compel nonresident witnesses anywhere in the state to attend criminal proceedings upon a declaration that the requesting party believes the witness may possess material evidence, a tool not available to parties to civil actions.

Were transportation convenience the only legislative concern, Lucas's equal protection claim would be valid, for persons charged with criminal activities and civil litigants may not be treated unequally if they are similarly situated with respect to the purpose of the law. ██ For example, the mere fact a person is charged criminally does not justify a state in treating that person differently in regards to civil commitments and releases than it treats persons not so charged. (*Jackson* v. *Indiana* (1972) 406 U.S. 715, 730 [32 L.Ed.2d 435, 446, 92 S. Ct. 1845].) ██ However, plain reading of Penal Code section 1330 and Code of Civil Procedure section 1989 shows each is drafted in terms of witnesses, not in terms of differentiating between civil or criminal litigants. Penal Code section 1330 begins "[n]o person is obliged to attend as a witness before a court or magistrate . . . unless . . . ." Code of Civil Procedure section 1989 commences "[a] witness is not obliged to attend . . . ." Therefore, it is clear the statutes are not designed to distinguish between criminal and civil litigants, but between civil and criminal witnesses. It is true, treating civil and criminal nonresident witnesses differently affects the procedures which must be utilized by parties to criminal cases. However, this legislative difference in treatment is rationally based.

Civil witnesses are entitled to demand mileage and a one-day fee be paid in advance and may not be compelled to attend (except for certain government employees), unless those costs are paid by the party requesting the subpoena. The witness has no such protection in criminal cases. Further, although witnesses who testify in civil cases are entitled to mileage and fees, those who are improvidently subpoenaed in criminal cases may be denied fees altogether at the discretion of the court, and those whose testimony is not material or who appear and are not permitted to testify may not be paid. (Gov. Code, § 68093.) Thus, witnesses in criminal cases face potential economic hardships not confronting civil witnesses if their testimony is deemed immaterial, while being forced under court compulsion to attend the trial without any preliminary ascertainment of materiality. Witnesses in civil cases need not attend court if their demand for advance fees and mileage is not met and, whether they testify or not, merely appearing and presenting the subpoena to the court clerk entitles them to daily fees and return

mileage. We believe it significant also that witness fees and mileage in civil cases are direct costs to the litigant, a value factor to be weighed in determining whether the benefit of subpoenaed witnesses' testimony justifies the economics in producing them. No such restraining factor is inherent in the subpoenaing of criminal witnesses who, if paid at all, derive their stipend from the county treasury, a fisc a trial court may be inclined to protect when exercising its discretion to award fees to persons improvidently subpoenaed.

We also recognize that both civil and criminal witnesses have the ability to quash subpoenas (whether nonresident or not) upon a showing they have no material testimony to give. Lucas argues that no other protection should be legislatively created. However, we believe it unlikely a lay person would be aware of this right or have the legal ability to move to quash. Where a witness is guaranteed fees and mileage costs in civil cases, there is less incentive to move to quash. In criminal cases, it is unlikely a witness would expect the court could deny fees and mileage costs in the event of a finding of nonmateriality so as to be alerted to the economics of a motion to quash. Further, except in the case of expert or governmental witnesses, it is unlikely a lay person would know the significance of his or her testimony. In any event, it is not unreasonable to place the burden on the party subpoenaing the long-distance criminal witness to establish materiality, rather than forcing a witness to engage in a legal proceeding to quash.

Finally, the endorsement requirement serves the necessary purpose of preventing abuse of the process of the court by screening out witnesses who can offer only immaterial and cumulative testimony. ■ "Obviously, the right to subpoena witnesses . . . does not authorize the indiscriminate use of the process of the court to call witnesses whose testimony could not possibly be received or which is grossly cumulative. . . . Anyone who has had anything to do with the administration of criminal law knows that defendants occasionally express a wish to call many witnesses from all parts of the state who cannot possibly add a single relevant fact to the complex of factors applying to the crime charged; the courts . . . have inherent power to control the issuance of their own process and they should not permit an abuse of the constitutional right to subpoena witnesses. . . ." (*People* v. *Fernandez* (1963) 222 Cal.App.2d 760, 768-769 [35 Cal.Rptr. 370], disapproved on other grounds in *People* v. *Wetmore* (1978) 22 Cal.3d 318, 327, fn. 7 [149 Cal.Rptr. 265, 583 P.2d 1308]; accord *People* v. *Smith, supra*, 38 Cal.3d at pp. 958-959.)

### III

It is difficult to find a denial of due process in a statute which permits the defendant to obtain compulsory attendance of witnesses residing anywhere

within the state upon a showing of materiality. ■ There cannot be a denial of due process by preventing the compulsory attendance of witnesses who cannot supply material evidence because they can contribute nothing of evidentiary value. (See *People* v. *Smith, supra,* 38 Cal.3d at pp. 958-959.) Further, a trial court's determination not to endorse a subpoena is reviewable pretrial by writ and also on appeal.

IV

However, we reject the People's alternative theory that even were Penal Code section 1330 unconstitutional, the court's refusal to endorse absent a showing of materiality may properly rest on its power to ask for an offer of proof when the witnesses are called to testify (Evid. Code, § 354). The court below raised this issue sua sponte, stating: " . . . I can ask for that offer of proof in advance and I have done that now. So it would still be the same thing.

"I mean, even if in the worse case scenario you bring them to the door of the court and I say, 'well, I want an offer of proof before I listen to another two days of testimony by somebody,' I can still ask for the offer of proof. . . ."

However, the offer-of-proof argument misses the mark. If Penal Code section 1330 were unconstitutional, there would be no statutory restriction on Lucas's ability to compel his witnesses to *attend* at trial. The question of whether those witnesses will be allowed to *testify* is a separate matter, and there is no reason to distinguish between witnesses in civil proceedings and those in criminal cases. Each may be excluded from testifying to matters which are immaterial or cumulative should the court exercise its discretionary powers under Evidence Code section 352. How a court could exercise discretionary powers under Evidence Code section 352 in advance of the trial, as the court here suggests, is mystifying. Certainly, Penal Code section 1330 does not authorize a court to refuse an endorsement under its Evidence Code section 352 discretion. Since a criminal defendant's witnesses need not be disclosed to the court except as required under Penal Code section 1330, the court simply would have no meaningful way to assess the cumulative nature of the testimony of those few nonresident witnesses who may be identified in this procedure. Further, in most cases the judge asked to endorse subpoenas would not be the trial judge and would lack a meaningful working knowledge of the particular case. Also, one would suspect that no strong showing of materiality need be made since a final determination should be made by the court conducting the trial in light of circumstances as they then exist at the time the witness is called.

We find no deprivation of due process nor denial of equal protection in Penal Code section 1330's requirement that counsel file an affidavit stating their belief the nonresident witnesses to be subpoenaed have material evidence and their appearance is necessary. Writ denied.

Wiener, Acting P. J., and Todd, J., concurred.