[No. G007241. Fourth Dist., Div. Three. Aug. 28, 1990.]

THOMAS EDWARD WALL, Plaintiff and Appellant, v. THE MUNICIPAL COURT FOR THE SOUTH ORANGE JUDICIAL DISTRICT OF ORANGE COUNTY, Defendant and Respondent.

[redacted]

COUNSEL

Thomas Edward Wall, in pro. per., for Plaintiff and Appellant.

Adrian Kuyper, County Counsel, and Wanda S. Florence, Deputy County Counsel, for Defendant and Respondent.

OPINION

WALLIN, Acting P. J.—Thomas Wall appeals the denial of his petition for writ of mandate, which challenged the constitutionality of the residency requirement for municipal court traffic trial commissioners. We find the requirement constitutional and affirm.

In March 1988, Wall applied for the position of traffic trial commissioner with the Orange County Municipal Court. The court notified him that although he had been an attorney in good standing with the State Bar for more than five years, his application was being rejected because he was not a resident of Orange County. The position was subsequently filled.

Wall filed a petition for writ of mandate in the trial court, contending the residency requirement for traffic trial commissioner is unconstitutional. The petition was denied, and Wall appealed. This court dismissed the appeal as moot because the position had been filled before Wall instituted his mandamus action. Wall then petitioned the California Supreme Court, claiming the appeal was not moot under the authority of *Zeilenga* v. *Nelson* (1971) 4 Cal.3d 716 [94 Cal.Rptr. 602, 484 P.2d 578]. The Supreme Court agreed and directed this court to set aside its order of dismissal and consider the appeal on its merits. Having done so, we conclude the residency requirement passes constitutional muster.

Government Code section 72450 authorizes a municipal court to appoint a traffic trial commissioner from a list of applicants openly recruited by

advertisement, each of whom must possess the qualifications of a municipal court judge. Municipal court judges are required to be "residents eligible to vote in the judicial district[1] . . . in which they are elected or appointed for a period of at least 54 days prior to the date of their election or appointment." (Gov. Code, § 71140.)

■ Wall primarily contends the residency requirement violates the equal protection clause of the Fourteenth Amendment.[2] This argument has been made and rejected in California.

In *Ector* v. *City of Torrance* (1973) 10 Cal.3d 129 [109 Cal.Rptr. 849, 514 P.2d 433], the Supreme Court upheld the city's requirement that all its employees live within its borders. Finding no fundamental rights or suspect classes were involved, the court rejected the strict scrutiny test and applied the traditional equal protection test, which requires only that a law bear a rational relationship to a legitimate governmental objective. The court listed as some of the possible legitimate objectives: "[T]he promotion of ethnic balance in the community; reduction in high unemployment rates of inner-city minority groups; improvement of relations between such groups and city employees; enhancement of the quality of employee performance by greater personal knowledge of the city's conditions and by a feeling of greater personal stake in the city's progress; diminution of absenteeism and tardiness among municipal personnel; ready availability of trained manpower in emergency situations; and the general economic benefits flowing from local expenditure of employees' salaries." (*Id.* at p. 135.)

---

[1] Municipal court judges in Orange County need not live in the judicial district, but may reside anywhere in the county. (Gov. Code, § 71140.3.)

[2] Wall does not allege or suggest he intended to move to Orange County if appointed as a traffic trial commissioner; rather, he appears to argue he should be able to live outside the county while serving in that capacity. We therefore do not address the constitutionality of the 54-day durational residency requirement as it applies to an appointed commissioner. Durational residency requirements are subject to the strict scrutiny of the courts because they impact several fundamental rights. (*Shapiro* v. *Thompson* (1969) 394 U.S. 618, 634 [22 L.Ed.2d 600, 615, 89 S.Ct. 1322]; *Johnson* v. *Hamilton* (1975) 15 Cal.3d 461 [125 Cal.Rptr. 129, 541 P.2d 881]; *Thompson* v. *Mellon* (1973) 9 Cal.3d 96 [107 Cal.Rptr. 20, 507 P.2d 628, 65 A.L.R.3d 1029].) In California, a candidate for local elected office can constitutionally be required to reside within the locality for no more than 30 days preceding the date of filing his or her declaration of candidacy. (*Johnson* v. *Hamilton, supra*, 15 Cal.3d at p. 472.)

Intertwined with Wall's challenge to the residency requirement for traffic trial commissioners is a challenge to the requirement for municipal court *judges.* Wall contends the requirement is unconstitutional because it exceeds the legislative authority granted by the California Constitution and denies judicial aspirants who live out of the county equal protection of the laws.

Because Wall did not apply for a judgeship, these questions are not before us. We note, however, that the state Constitution expressly empowers the Legislature to prescribe for each municipal court "the number, qualifications, and compensation of judges, officers, and employees." (Cal. Const., art. VI, § 5.) We further note that generally persons holding elective office are required to be residents of the jurisdiction they serve. (Gov. Code, § 24001; Elec. Code, § 75; 59 Ops.Cal.Atty.Gen. 136 (1976).)

In holding that residency requirements as a condition of municipal employment do not violate constitutional standards, the *Ector* court followed the decided weight of authority in other jurisdictions. (Myers, *The Constitutionality of Continuing Residence Requirements for Local Government Employees: A Second Look* (1986) 23 Cal. Western L.Rev. 24.) Legislative reaction to the opinion, however, generated a 1974 amendment to the California Constitution prohibiting any city or county, including those established by charter, from requiring its employees to be residents, "except that such employees may be required to reside within a reasonable and specific distance of their place of employment or other designated location." (Cal. Const., art. XI, § 10, subd. (b).)

The amendment was intended to improve local government by increasing the pool of qualified applicants. (*Cooperrider* v. *Civil Service Com.* (1979) 97 Cal.App.3d 495, 501 [158 Cal.Rptr. 801].) However, it clearly prohibits only a city, county or public district from imposing residency requirements on its employees; it does not affect a residency requirement imposed by state law. (66 Ops.Cal.Atty.Gen. 465 (1983).)

Arguably, the efficiency of traffic trial commissioners increases as they became familiar with the streets and highways of the locality in which they live; more important, however, is the possibility that citizen confidence in the adjudication of traffic cases increases when they are handled by local residents. Either of these two legislative goals is sufficient to justify the residency requirement here.

The judgment is affirmed.

Sonenshine, J., and Crosby, J., concurred.