Filed 4/29/13; pub. order 5/16/13

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

APPELLATE DIVISION

| | |
|---|---|
| TARGET NATIONAL BANK,<br><br>   Plaintiff and Respondent,<br><br> v.<br><br>LUCY I. ROCHA,<br><br>   Defendant and Appellant. | Case No. 1-12-AP-001359<br><br><br>ORDER |

**THE COURT:**

The appeal by appellant Lucy I. Rocha ("Rocha") from the judgment entered on July 9, 2012, came on regularly for hearing and was heard and submitted on April 26, 2013. We hereby hold as follows:

**Procedural History**

On July 22, 2011, plaintiff/respondent Target National Bank ("Target") filed a complaint for breach of contract and common counts against Rocha. On August 2, 2011, Rocha filed an answer generally denying the allegations in the complaint and asserting several affirmative defenses. On June 6, 2012, Target filed a declaration in lieu of live testimony at trial.

On July 9, 2012, the case came before the Honorable Socrates P. Manoukian for a short cause trial. After argument by the parties, the trial court admitted the declaration into evidence pursuant to Code of Civil Procedure section 98 ("Section 98"). Aside from this declaration, no other evidence was presented at trial by either party. Based on the declaration, the trial court

1

entered judgment for Target in the amount of $7,788.30  (See Clerk's Transcript ("CT"), p. 170.) On August 7, 2012, Appellant filed her notice of appeal.

**Standard of Review**

The issue in this appeal is whether the trial court properly admitted into evidence the declaration offered by Target.  Generally, an appellate court applies the abuse of discretion standard of review to any ruling by a trial court on the admissibility of evidence.  (*City of Ripon v. Sweetin* (2002) 100 Cal.App.4th 887, 900.)  Here, however, the declaration was admitted pursuant to Section 98.  Statutory interpretation and the application of a statute are questions of law that are reviewed de novo.  (*Boy Scouts of America National Foundation v. Superior Court* (2012) 206 Cal.App.4th 428, 443.)  As explained by the court in *City of Sacramento v. Drew* (1989) 207 Cal.App.3d 1287 (*Drew* ), "[t]he scope of discretion always resides in the particular law being applied, i.e., in the legal principles governing the subject of [the] action.  Action that transgresses the confines of the applicable principles of law is outside the scope of discretion and we call such action an abuse of discretion." (*Drew, supra,* 207 Cal.App.3d at p. 1297, internal quotations omitted.)

For the judgment to be reversed on appeal, the appellant must show that the erroneous admission of evidence resulted in a miscarriage of justice.  (Evid. Code, § 353, subd. (b).)  "A miscarriage of justice should be declared only when the reviewing court is convinced after an examination of the entire case, including the evidence, that it is reasonably probable a result more favorable to the appellant would have been reached absent the error."  (*Brokopp v. Ford Motor Co.* (1977) 71 Cal.App.3d 841, 853.)  Prejudice from error is never presumed but must be affirmatively demonstrated by the appellant.  (*Id.* at pp. 853-854.)

2

**Code of Civil Procedure Section 98**

Section 98 provides, in relevant part:

A party may, in lieu of presenting direct testimony, offer the prepared testimony of relevant witnesses in the form of affidavits or declarations under penalty of perjury. The prepared testimony may include, but need not be limited to, the opinions of expert witnesses, and testimony which authenticates documentary evidence. To the extent the contents of the prepared testimony would have been admissible were the witness to testify orally thereto, the prepared testimony shall be received as evidence in the case, provided that either of the following applies:

(a) A copy has been served on the party against whom it is offered at least 30 days prior to the trial, together with a current address of the affiant that is within 150 miles of the place of trial, and the affiant is available for service of process at that place for a reasonable period of time, during the 20 days immediately prior to trial.

(b) The statement is in the form of all or part of a deposition in the case, and the party against whom it is offered had an opportunity to participate in the deposition.

(Code Civ. Proc., § 98.)

The interpretation of Section 98, subdivision (a) is a matter of first impression.

Consequently, the Appellate Division examines the statute under principles of statutory construction:

[O]ur fundamental task is to ascertain the Legislature's intent so as to effectuate the purpose of the statute. We begin with the language of the statute, giving the words their usual and ordinary meaning. The language must be construed in the context of the statute as a whole and the overall statutory scheme, and we give significance to every word, phrase, sentence, and part of an act in pursuance of the legislative purpose. In other words, we do not construe statutes in isolation, but rather read every statute with reference to the entire scheme of law of which it is part so that the whole may be harmonized and retain effectiveness. If the statutory terms are ambiguous, we may examine extrinsic sources, including the ostensible objects to be achieved and the legislative history. In such circumstances, we choose the construction that comports most closely with the Legislature's apparent intent, endeavoring to promote rather than defeat the statute's general purpose, and avoiding a construction that would lead to absurd consequences.

(*Boy Scouts of America National Foundation v. Superior Court*, *supra*, 206 Cal.App.4th 428, 443, internal citations and quotations omitted.)

Here, Tiffany Lewis ("Lewis") executed her declaration in Minneapolis, Minnesota. (See CT, p. 19.) In her declaration, Lewis stated, "Pursuant to CCP §98, for 20 days immediately prior to trial, this declarant is available for service of process via Plaintiff's Counsel, Tara Muren, located at 111 N. Market Street, San Jose, CA 95113 for 20 days immediately prior to trial." (See *Id.*) It is undisputed that 111 N. Market Street is within 150 miles of the trial court. However, it is also undisputed that 111 N. Market Street is not Lewis's address. While Lewis declared that Target's counsel, Tara Muren, was located at that address, Tara Muren's business address is actually in San Diego. (See CT, pp. 1, 16.) 111 N. Market Street is the address for ABC Legal Services. (See CT, p. 149; see also Reporter's Transcript ("RT") p. 8:13-28.)

On June 27, 2012, counsel for Rocha issued a civil subpoena for personal appearance at trial or hearing and a check payable to Lewis in the amount of $35.00 (for statutory witness fees and mileage) which ordered Lewis to appear in person at trial. (CT, pp. 145-147.) Rocha's process server made two separate attempts to personally serve the subpoena at 111 N. Market Street. (CT, p. 149.) A person at ABC Legal Services informed the process server that Lewis was not at that office but that he could accept service on her behalf. (*Id.*) As the process server was only authorized to personally serve Lewis, he left without serving the subpoena. (*Id.*)

Section 98 is a noted departure from the hearsay rule as declarations are generally not admissible at trial. (See Evid. Code, § 1200.) "The essence of the hearsay rule is a requirement that testimonial assertions shall be subjected to the test of cross-examination. [Citation.] The basic theory is that the many possible deficiencies, suppressions, sources of error and untrustworthiness, which lie underneath the bare untested assertion of a witness, may be best brought to light and exposed by the test of cross-examination." (*Buchanan v. Nye* (1954) 128 Cal.App.2d 582, 585.) As a condition to receipt of testimony by declaration, it must be shown that either: (a) the affiant is available for service of process within 150 miles of the place of trial; or (b) the affiant has been deposed and the declaration is in the form of the deposition testimony. (Code Civ. Proc., § 98.)

In this regard, Section 98 implicitly recognizes the opposing party's right of cross-examination. "A person's right of cross-examination and confrontation of witnesses against him

4

in noncriminal proceedings is a part of procedural due process guaranteed by the Fifth Amendment and the Fourteenth Amendment to the federal Constitution, where there is involved a threat to life, liberty or property." (*August v. Department of Motor Vehicles* (1968) 264 Cal.App.2d 52, 60.) The right of cross-examination has been termed "the greatest legal engine ever invented for the discovery of truth." (*People v. Ramirez* (1979) 25 Cal.3d 260, 280, citing *People v. Fries* (1979) 24 Cal.3d 222, 231.) Thus, a party may only introduce a witness's declaration if the opposing party had the opportunity to cross-examine the witness at deposition or could require the witness to be subject to cross-examination at trial.

Rocha argues that Section 98 contemplates service of a civil subpoena for personal appearance at trial or hearing as "[t]he process by which the attendance of a witness is required is the subpoena." (See Code Civ. Proc., § 1985.) Indeed, a previous draft version of Section 98 required the affiant to provide his or her current address and be "subject to subpoena for the trial." (See Assem. Bill No. 3170 (1981-1982 Reg. Sess.) as introduced March 10, 1982.) The same draft also specified that the affiant could be called as a witness for cross-examination. (*Id.*)

While the Legislature has provided many different modes of serving summons, only one mode, personal delivery, is available for serving a subpoena. (Code Civ. Proc., § 1987, subd. (a); *In re Abrams* (1980) 108 Cal.App.3d 685, 690.) While *In re Abrams* is distinguishable in that it addressed whether a witness who was not personally served with a subpoena could be held in contempt for failing to appear at trial, the court's holding that subpoenas must be personally served is based on a reading of Code of Civil Procedure section 1987, which explicitly states the subpoena must be delivered to the witness personally. (See Code Civ. Proc., § 1987, subd. (a).) Although Lewis apparently authorized ABC Legal Services to accept service on her behalf, she was not physically present at 111 N. Market Street and thus could not be personally served at that address.

Pursuant to Code of Civil Procedure section 1989, a party may compel attendance of witnesses subpoenaed anywhere within this state. However, to deter improvident subpoenas of civil witnesses, the civil witness is entitled upon demand to receive travel fees to and from the place designated and one day's fees for trial attendance in advance. (*Lucas v. Superior Court*

5

(1988) 203 Cal.App.3d 733, 736; Code Civ. Proc., § 1987, subd. (a).) The fees are set at thirty-five dollars ($35) a day plus mileage at twenty cents ($0.20) a mile. (Gov. Code, § 68093.)

Thus, the fact that Section 98 requires an affiant to be within 150 miles of the court significantly reduces the travel fees to be paid by the subpoenaing party. For example, the address provided by Lewis was less than a mile from the courthouse, and thus Rocha's counsel prepared a check in the amount of $35. (See CT, p. 147.) Containing such witness fees is consistent with the Legislature's goal to reduce the expense of litigation in limited civil cases. (See Stats. 1982, ch. 1581, § 5, p. 6230.)

Target does not disagree that subpoenas must be personally served. Rather, Target argues that Lewis was "available for service of process" because Rocha could have compelled Lewis to attend trial if she had served Target's counsel with a notice to appear pursuant to Code of Civil Procedure section 1987, subdivision (b). That section provides:

> In the case of the production of *a party* to the record of any civil action or proceeding or of *a person for whose immediate benefit an action or proceeding is prosecuted* or defended or of *anyone who is an officer, director, or managing agent of any such party* or person, the service of a subpoena upon any such witness is not required if written notice requesting the witness to attend before a court, or at a trial of an issue therein, with the time and place thereof, is served upon the attorney of that party or person. The notice shall be served at least 10 days before the time required for attendance unless the court prescribes a shorter time. If entitled thereto, the witness, upon demand, shall be paid witness fees and mileage before being required to testify. The giving of the notice shall have the same effect as service of a subpoena on the witness, and the parties shall have those rights and the court may make those orders, including the imposition of sanctions, as in the case of a subpoena for attendance before the court.

(Code Civ. Proc., § 1987, subd. (b), emphasis added.)

However, this process was not available to Rocha for two reasons. First, Lewis is not a party to the action, a person for whose immediate benefit the action is prosecuted, or an officer, director, or managing agent of Target.[1] Lewis's declaration simply states she is "a designated agent of the Plaintiff" and Target asserts that Lewis is its custodian of records. (See CT, p. 16; Respondent's Brief, p. 15.) Thus, Lewis would not be bound by a notice to attend trial.

---

[1] A "managing agent" includes only those corporate employees who exercise substantial independent authority and judgment in their corporate decisionmaking so that their decisions ultimately determine corporate policy. (*White v. Ultramar* (1999) 21 Cal.4th 563, 566-567.)

Second, a notice to attend trial can only compel the attendance at trial of persons who are residents of California. "A witness, *including a witness specified in subdivision (b) of Section 1987*, is not obliged to attend as a witness before any court, judge, justice or any other officer, unless the witness is a resident within the state at the time of service." (Code Civ. Proc., § 1989, emphasis added; see also *Amoco Chemical Co. v. Certain Underwriters at Lloyd's of London* (1995) 34 Cal.App.4th 554, 560, fn. 7 [a nonresident witness served with a notice to attend is not obliged to attend].) Here, Lewis is not a resident of California. Thus, the only way for Rocha to compel Lewis's attendance was to personally serve her with a subpoena.

Target asserts that a literal interpretation of Section 98 would impose a requirement that the declarant must reside within 150 miles of the court, a requirement that has not been adopted by the Legislature. However, this argument ignores subdivision (b) of Section 98, which allows a party to submit a declaration in lieu of live testimony when the declaration is in the form of deposition testimony *regardless of the declarant's location*. (See Code Civ. Proc., § 98, subd. (b).) Here, however, Target did not provide the deposition testimony of Lewis, but rather sought to introduce the declaration pursuant to subdivision (a).[2]

For all of the foregoing reasons, the Appellate Division concludes that the declaration offered by Target did not comply with Section 98 as Lewis was not available for service of process within 150 miles of the courthouse. Thus, the trial court abused its discretion in admitting the declaration as evidence. As that was the only evidence offered at trial, the judgment in favor of Target cannot stand.

---

[2] There is no indication in the record that Lewis was deposed as part of this action.

7

**Conclusion**

The judgment entered on July 9, 2012, is REVERSED and the matter is remanded for a new trial.

Honorable Griffin M.J. Bonini
Acting Presiding Judge of the Appellate Division


Honorable Deborah A. Ryan
Judge, Appellate Division


Honorable Julia Alloggiamento
Judge, Appellate Division

Trial Court:

Superior Court of Santa Clara County, Socrates P. Manoukian, Judge.


Counsel:

Frederick W. Schwinn, Consumer Law Center, for Defendant and Appellant.

John A. Clinnin, CIR, Law Offices, for Plaintiff and Respondent.