[No. C000903. Third Dist. Nov. 17, 1988.]

G. SNYDER, Plaintiff and Appellant, v.
BOY SCOUTS OF AMERICA, INC., Defendant and Respondent.

**COUNSEL**

Kenneth M. Foley for Plaintiff and Appellant.

Bailey & Brown and F. Eugene Bailey for Defendant and Respondent.

**OPINION**

**SPARKS, J.**—Plaintiff G. Snyder appeals from a judgment of dismissal entered after the trial court granted the motion for summary judgment of the defendant Boy Scouts of America, Inc. Plaintiff had sought recovery for personal injury suffered as the result of alleged sexual molestation by a former Boy Scout leader. Plaintiff did not file his action for several years after the molestations were alleged to have occurred and until more than one year after his 18th birthday. The court granted summary judgment on

the ground that the action was barred by the applicable statute of limitations. Plaintiff contends that a variety of delayed discovery and tolling principles should be applied to his cause of action. We disagree and shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was born on April 28, 1966. Sometime around 1977 he became a member of Boy Scout Troop 346, located in San Andreas. Dean Ray Von Aspern was assistant scout master and scout master of Troop 346 from 1977 until at least early 1980. According to plaintiff's allegations, Von Aspern took him into a back room during a scout meeting and told him he was going to instruct him in sex. Von Aspern then engaged in sexual conduct with plaintiff. Plaintiff realized this was not part of the Boy Scout instruction as the sex acts progressed and when he was told not to tell anyone else. Von Aspern engaged in sexual conduct with plaintiff repeatedly until he quit the Boy Scouts in early 1981. Plaintiff quit the Boy Scouts in order to avoid Von Aspern, and he refused to rejoin despite Von Aspern's urging.

Plaintiff filed this action on July 23, 1985, more than one year after he reached the age of 18 years. Plaintiff seeks recovery against the Boy Scouts on the grounds that Von Aspern was an agent of the Boy Scouts, and upon the ground that the Boy Scouts failed to take proper precautions to ensure that scouts would not be abused by persons like Von Aspern.

Plaintiff's action was filed beyond the one-year statute of limitations provided in Code of Civil Procedure section 340, subdivision (3). Plaintiff explained that he did not file suit earlier due to embarrassment, humiliation, and sorrow over what had occurred. Eventually plaintiff was charged with driving while under the influence of alcohol, and the attorney he contacted also happened to be representing other victims of Von Aspern. Plaintiff authorized the attorney to file suit on his behalf.

In opposition to the motion for summary judgment based upon the statute of limitations plaintiff submitted a declaration of Dr. Harvey Lerchin, a doctor certified by the American Board of Psychiatry and Neurology. Dr. Lerchin opined that plaintiff's failure to divulge the molestation sooner than he did was the product of embarrassment, humiliation and fear which are by-products of posttraumatic syndrome.

## DISCUSSION

Code of Civil Procedure section 340, subdivision (3) provides a one-year statute of limitations for, among other things, "[a]n action for libel, slander,

assault, battery, false imprisonment, seduction of a person below the age of legal consent, or for injury to or for the death of one caused by the wrongful act or neglect of another . . . ." Pursuant to Code of Civil Procedure section 352, subdivision (a) if the plaintiff is under the age of majority when a cause of action accrues then the period of minority is not a part of the time limited for the commencement of the action. The age of majority is 18 years. (Civ. Code, § 25.) Accordingly, plaintiff had one year from his 18th birthday to file this tort action. He did not file this action until several months after his 19th birthday. On its face this action was not filed in a timely manner, a point plaintiff concedes. However, plaintiff advances several arguments in support of his claim that he should not be barred by the applicable statute of limitations. We shall consider these arguments in turn.

Plaintiff first asserts that defendant should be estopped to assert the statute of limitations due to Von Aspern's fraud. The statute of limitations may not be used to perpetrate a fraud upon otherwise diligent suitors. Thus if the defendant, by his own wrongdoing, prevents the plaintiff from instituting a suit he may not take advantage of the statute of limitations. (*Pashley* v. *Pacific Elec. Ry. Co.* (1944) 25 Cal.2d 226, 231-232 [153 P.2d 325].) As plaintiff correctly notes, "[t]here can be no doubt that, in a proper case, where a party fraudulently conceals the existence of a cause of action against him, or fraudulently conceals material facts that induces a person not to prosecute a known cause of action, the statute of limitations is tolled and the fraudulent person is estopped from pleading the statute of limitations." (*Bank of America* v. *Williams* (1948) 89 Cal.App.2d 21, 25 [200 P.2d 151].) The statute will be tolled where the plaintiff establishes the substantive elements of fraud and an excuse for late discovery of the facts. The requisite showing is made when plaintiff establishes that he was not at fault for failing to discover the cause of action and had no actual or presumptive knowledge of the facts sufficient to put him on inquiry. (*Community Cause* v. *Boatwright* (1981) 124 Cal.App.3d 888, 900 [177 Cal.Rptr. 657].) Where fraud is established the statute is tolled only for so long as the plaintiff remains justifiably ignorant of the facts upon which the cause of action depends; discovery or inquiry notice of the facts terminates the tolling. (*Regus* v. *Schartkoff* (1957) 156 Cal.App.2d 382, 387 [319 P.2d 721].) Plaintiff's own declaration precludes tolling for fraud. Although Von Aspern initially misrepresented the nature of the acts, plaintiff realized they were wrongful and ultimately quit the Boy Scouts to avoid Von Aspern. Thus, by his own admission, plaintiff was well aware of the wrongful nature of Von Aspern's conduct long before he reached the age of majority. Whatever fraud there may have been while plaintiff was still in the Boy Scouts, it had long since dissipated. Consequently, the statute was not tolled by fraud.

██ Plaintiff next claims estoppel by induced delay. A defendant may be estopped to assert the statute of limitations as a defense where he has improperly induced the plaintiff to delay filing a lawsuit. (See 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, §§ 523-528, pp. 550-556.) Such inducements may include promises of performance of a contract, promises of settlement, or promises that by relying upon the defendant the plaintiff will suffer no harm. (*Ibid.*) Plaintiff asserts that Von Aspern told him not to tell anyone about the molestations. Assuming, without deciding, that such a request is the type of inducement which will toll the statute of limitations, it did not do so here. By plaintiff's own declaration any influence Von Aspern may have had over him terminated years before he filed this action.

██ Plaintiff asserts that the principle of delayed discovery should preclude application of the statute of limitations. In some circumstances delayed discovery may operate to postpone the running of the period of limitations on the theory that it is inappropriate to bar a cause of action for wrongful conduct before a plaintiff could reasonably be expected to discover its existence. (*Admiralty Fund* v. *Peerless Ins. Co.* (1983) 143 Cal.App.3d 379, 387 [191 Cal.Rptr. 753].) This theory is most often applicable where there is no appreciable injury suffered contemporaneously with the wrong but such injury develops after the statute of limitations has run. (See *Davies* v. *Krasna* (1975) 14 Cal.3d 502, 513 [121 Cal.Rptr. 705, 535 P.2d 1161, 79 A.L.R.3d 807]; *Priola* v. *Paulino* (1977) 72 Cal.App.3d 380, 388-389 [140 Cal.Rptr. 186]; *Allred* v. *Bekins Wide World Van Services* (1975) 45 Cal.App.3d 984, 990-991 [120 Cal.Rptr. 312].) In such circumstances the cause of action does not accrue, nor the statute of limitations begin to run, until the plaintiff suffers some appreciable harm sufficient to entitle him to a legal remedy rather than a mere symbolic judgment. (*Davies* v. *Krasna, supra.*) Delayed discovery is not applicable here. In plaintiff's declaration he established that he suffered appreciable harm long before reaching the age of majority, and was aware of all of the facts constituting his cause of action. Accordingly the statute of limitations began to run when plaintiff reached his 18th birthday.

██ Plaintiff's next contention suffers from the same defect. He claims disability by reason of the molestations to the extent that he suffered from a posttraumatic syndrome. Code of Civil Procedure section 352 sets forth the personal disabilities which toll the statute. Under this statute, if the person entitled to bring an action is "insane" at the time the cause of action accrued, "the time of such disability is not a part of time limited for the commencement of the action." (Code Civ. Proc., § 352, subd. (a).) But the alleged "posttraumatic syndrome" does not constitute insanity under the statute, and plaintiff makes no claim that it does. Instead, he relies upon the rule that "[d]espite the strong policy justifications for upholding statutes of

limitations, courts have consistently refused to uphold such statutes strictly when a potential claimant has no opportunity to perform a condition precedent to asserting a right to recover. '[T]hose statutes should not be interpreted so as to bar a victim of wrongful conduct from asserting a cause of action before he could reasonably be expected to discover its existence." (*Admiralty Fund* v. *Peerless Ins. Co., supra,* 143 Cal.App.3d at p. 387; citations omitted.) But the record here establishes without contradiction that plaintiff discovered the existence of his cause of action long before he reached the age of majority. The rule has no application in this case of actual discovery.

Plaintiff next contends that Code of Civil Procedure section 340.1, which became effective on January 1, 1987, should be held applicable to his action. Subdivision (a) of that section provides: "In any civil action for injury or illness based upon lewd or lascivious acts with a child under the age of 14 years, fornication, sodomy, oral copulation, or penetration of genital or anal openings of another with a foreign object, in which this conduct is alleged to have occurred between a household or family member and a child where the act upon which the action is based occurred before the plaintiff attained the age of 18 years, the time for commencement of the action shall be three years." Subdivision (c) of that section provides: " 'Household or family member' as used in this section includes a parent, stepparent, former stepparent, sibling, stepsibling, any other person related by consanguinity or affinity within the second degree, or any other person who regularly resided in the household at the time of the act, or who six months prior to the act regularly resided in the household." Plaintiff concedes that Von Aspern does not come within this definition, but he urges that the section should apply to him as a scout leader and vicariously to the Boy Scouts. We cannot agree. In enacting a special statute of limitations for some sexual molestations the Legislature made a policy decision over the scope of the special statute. It deliberately chose to limit the scope of the statute to cases where the offending defendant was a "household or family member." The courts are not at liberty to rethink that policy decision or rewrite the statute to extend its application to persons excluded by the Legislature. Code of Civil Procedure section 340.1 by its own terms does not apply to plaintiff's cause of action.

Plaintiff finally asserts that his action should be regarded as timely under Code of Civil Procedure section 340.3. That section provides: "Unless a longer period is prescribed for a specific action, in any action for damages against a defendant based upon such person's commission of a felony offense for which the defendant has been convicted, the time for commencement of the action shall be within one year after judgment is pronounced. If the sentence or judgment is stayed, the time for the

commencement of the action shall be tolled until the stay is lifted. For purposes of this section, a judgment is not stayed if the judgment is appealed or the defendant is placed on probation." In support of this contention plaintiff has appended to his brief a certified copy of an abstract of judgment which shows that on June 20, 1985, in the Calaveras County Superior Court, Von Aspern was sentenced to state prison for various sexual offenses, including lewd and lascivious conduct with a child. Plaintiff asks that we take judicial notice of this judgment. However, even were we to do so and even were we to conclude that section 340.3 applies to a civil defendant alleged to be vicariously liable for the felon's conduct, it would not avail plaintiff. By its terms section 340.3 applies where the defendant is convicted of a felony arising out of the same conduct which is at issue in the civil suit. There is no suggestion that Von Aspern's convictions arose out of any conduct with plaintiff, and plaintiff's declaration rebuts any speculation that the convictions involved conduct with plaintiff. Plaintiff's cause of action is not governed by section 340.3 simply because the defendant was convicted of felonious conduct involving other victims.

■ Summary judgment is a drastic remedy which may not be granted where there is a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (c); *Gigax* v. *Ralston Purina Co.* (1982) 136 Cal.App.3d 591, 596 [186 Cal.Rptr. 395].) Nevertheless, when the uncontroverted facts show that the plaintiff cannot prevail on the issues framed by the pleadings then summary judgment should be granted. (*Clarke* v. *Hoek* (1985) 174 Cal.App.3d 208, 214 [219 Cal.Rptr. 845].) Plaintiff's commendably candid declaration establishes that long before his 18th birthday his cause of action had accrued and he was well aware of all of the facts which constituted his cause of action, including the wrongful nature of Von Aspern's conduct. No theory of fraud, estoppel, or delayed discovery applies to plaintiff's case. Nor do the provisions of Code of Civil Procedure, sections 340.1 or 340.3. Accordingly, summary judgment was properly granted.

The judgment is affirmed.

Evans, Acting P. J., and Marler, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 1, 1989.