Opinion
SILLS, P. J.
Michael Tietge, Timothy Ender and Michael Moyneur assert they were sexually abused for several years by Gregory Atherton, a religious brother and parochial schoolteacher (brother). In 1993, plaintiffs filed separate actions against the brother and his religious order, the Western Province of the Servites, Inc. The complaints allege Tietge was bom in 1969 and molested between 1984 and 1986; Ender was bom in 1958 and molested between 1973 and 1975; and Moyneur was bom in 1953 and molested between 1967 and 1976. The complaints also allege the molestations occurred at various places, including the Servite Center of the Servite Order, and charges the religious order under a theory of vicarious liability.
Defendants demurred to the complaints on the ground they were time-barred, pointing out that the alleged molestation occurred from 9 to 26 years before these actions were filed. Relying on the then applicable statute of limitations, the court sustained the demurrers without leave to amend. But *385 while these appeals were pending the Legislature retroactively amended the statute of limitations thereby changing the rules. Based on the statute as amended, we affirm the judgment as to the religious order and reverse it as to the brother.
I
Historically, claims of childhood sexual abuse were governed by a one-year statute of limitations. (Code Civ. Proc., § 340, subd. (3).) Because the statute was tolled until the person entitled to bring the action reached the age of majority, a person alleging childhood sexual abuse generally had one year—unless another exception applied—from the time he or she became an adult to file the action. (See Code Civ. Proc., § 352, subd. (a).)
In 1986 the Legislature enacted Code of Civil Procedure section 340.1, a special statute enlarging the limitations period to three years for sexual abuse of a child under the age of fourteen by a household or family member. This amendment changed the statute of limitations for actions which were essentially incestuous, but did not change it for actions against other perpetrators. Thus, actions brought against nonfamily members—such as a scout master or the Boy Scouts—were still governed by the one-year statute of limitations. (Snyder v. Boy Scouts of America, Inc. (1988) 205 Cal.App.3d 1318, 1325 [253 Cal.Rptr. 156] [action against Boy Scouts brought more than one year, but less than three years, after victim attained majority was time-barred].)
In 1990, and in response to Snyder, the Legislature completely rewrote Code of Civil Procedure section 340.1. Among the many changes it made, subdivision (a) now provided that: “In any civil action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within eight years of the date the plaintiff attains the age of majority or within three years of the date the plaintiff discovers or reasonably should have discovered that psychological injury or illness occurring after the age of majority was caused by the sexual abuse, whichever occurs later.” (Stats. 1990, ch. 1578, § 1, p. 7550.) The definition of childhood sexual abuse was also broadened to include “any act committed by the defendant against the plaintiff which would have been proscribed” by provisions in the Penal Code dealing with substantial sexual conduct against minors. (Ibid.)[1]
The 1990 amendment also deleted a provision of the original statute which had expressly revived claims that had lapsed under a prior statute of limitations. (David A. v. Superior Court (1993) 20 Cal.App.4th 281, 287 [24 *386 Cal.Rptr.2d 537].) When the plaintiffs filed these actions, their claims had clearly lapsed under the prior statute. Thus, the trial court properly sustained the defendants’ demurrers without leave to amend. However, in 1994, and for the purpose of abrogating the holding in David A., the Legislature amended Code of Civil Procedure section 340.1 to provide that the “amendments to this section enacted at the 1990 portion of the 1989-90 Regular Session shall apply to any action commenced on or after January 1, 1991, including any action otherwise barred by the period of limitations in effect prior to January 1, 1991, thereby reviving those causes of action which had lapsed or technically expired under the law existing prior to January 1, 1991.” (Code Civ. Proc., § 340.1, subd. (o).)
The plaintiffs claim the 1994 amendment operates to revive their lapsed claims. Although recognizing the change in the law, the defendants assert it has no such effect. The brother insists the amendment is inapplicable to actions filed in 1993 because the court must apply the statute as it existed when the complaints were filed, and any attempt to revive lapsed claims violates his constitutional rights. Further, he asserts that as to Moyneur the amendment cannot toll the statute of limitations because some of the alleged molestation occurred after Moyneur reached the age of majority. The religious order argues section 340.1 does not apply to a claim of negligence against the employer of the perpetrator of the abuse.
II
The brother’s first argument, that the Legislature has no power to retroactively revive a cause of action for childhood sexual abuse time-barred under the prior statute of limitations, was squarely rejected in Lent v. Doe (1995) 40 Cal.App.4th 1177 [47 Cal.Rptr.2d 389]. (See also Sellery v. Cressey (1996) 48 Cal.App.4th 538, 547 [55 Cal.Rptr.2d 706]; 3 Witkin, Cal. Procedure (4th ed. 1997) Actions, § 435, pp. 544-547; cf. Liebig v. Superior Court (1989) 209 Cal.App.3d 828, 835 [257 Cal.Rptr. 574] [holding revival language in original version of Code of Civil Procedure section 340.1 constitutional].) Like Lent, we find no constitutional impediment to the revival of a personal cause of action under the 1994 amendment. {Lent v. Doe, supra, 40 Cal.App.4th at pp. 1183-1184.)
The brother’s related claim, that the 1994 amendment is inapplicable because the demurrers were sustained and judgments were entered before the 1994 amendment became effective, also fails. In rejecting the same argument, the Lent court explained that, “[statutes of limitations in civil actions are procedural, not substantive . . . , and are not subject to the general rule against statutory retroactivity. . . . While the 1994 amendments to section 340.1 were not in effect at the time the trial court ruled on the demurrer[s], *387 the amended statute applies to this proceeding because it ‘was pending on appeal at the time the legislative enactment became effective.’ ” (Lent v. Doe, supra, 40 Cal.App.4th at pp. 1184-1185, citations omitted.)
The brother’s second argument is that Code of Civil Procedure section 340.1 does not apply to Moyneur because he alleges he was molested both as a minor and an adult, that is, from 14 to 23 years of age. While section 340.1 was written to protect victims of childhood sexual abuse, where there are allegations of continuing molestation as the plaintiff transitions from childhood into adulthood, the question is whether the enlarged statute of limitations still applies to the victim’s claims.
The goal of Code of Civil Procedure section 340.1 is to allow victims of childhood sexual abuse “a longer time period in which to become aware of their psychological injuries and remain eligible to bring suit against their abusers.” (Debbie Reynolds Prof. Rehearsal Studios v. Superior Court (1994) 25 Cal.App.4th 222, 232 [30 Cal.Rptr.2d 514].) The intimidation which allows an abuser to take advantage of a child does not magically or suddenly end the day the child attains majority. Indeed, it can continue into the victim’s adulthood. That is why the Legislature drafted the delayed discovery provisions of section 340.1 to provide that the limitations period begins to run only after the victim, who is then an adult, appreciates the wrongfulness of the abuser’s conduct. Accordingly, where as here the alleged childhood sexual abuse is part of a course of conduct that continues beyond childhood, the limitations period of section 340.1 must apply. Any other conclusion would run contrary to the goal of the statute and serve only to reward perpetrators who engage in long-term abuse.[2]
Accordingly, the judgment as to the brother must be reversed. However, just as the plaintiffs receive the benefits of the 1994 amendment they must also assume its burdens. The brother asserts, for example, that the plaintiffs have not filed a certificate of merit as required by subdivision (e) of Code of Civil Procedure section 340.1. To the extent the plaintiffs have not complied with the procedural requirements of the statute, the brother may raise those claims in the trial court.
Ill
The religious order argues the demurrer was properly sustained as to it because Code of Civil Procedure section 340.1 only enlarges the statute of *388 limitations as to the perpetrators of the abuse, and not for the negligence of the employers of the abusers. This issue was squarely addressed in Debbie Reynolds. Finding the language of the statute “relatively plain,” the Court of Appeal concluded in a well-written opinion that section 340.1 applies only to intentional acts of sexual abuse, and does not apply to actions seeking damages for negligent acts. {Debbie Reynolds Prof. Rehearsal Studios v. Superior Court, supra, 25 Cal.App.4th at pp. 231-234; cf. Chaney v. Superior Court (1995) 39 Cal.App.4th 152, 156 [46 Cal.Rptr.2d 73] [§ 340.1 does not apply to claim against wife of alleged abuser under theory of negligent supervision].) We think Debbie Reynolds was correctly decided and follow it here.
In her concurring and dissenting opinion, our colleague asserts the Debbie Reynolds court misread the 1990 amendment to Code of Civil Procedure section 340.1. All of the arguments made in our colleague’s opinion are adequately addressed in Debbie Reynolds and we see no purpose in reiterating them here. We would only emphasize that we agree with that court’s statement that “. . . the Legislature, in defining [in subdivision (b)] what constitutes sexual abuse, referred to the criminal statutes to make clear that childhood sexual abuse is an intentional rather than a negligent act.” {Debbie Reynolds Prof. Rehearsal Studios v. Superior Court, supra, 25 Cal.App.4th at p. 232.) Indeed, to read section 340.1 any other way would render subdivision (b) meaningless, thereby violating an elementary rule of statutory construction “ ‘ “that effect must be given, if possible, to every word, clause and sentence of a statute.” ’ ” {Rodriguez v. Superior Court (1993) 14 Cal.App.4th 1260, 1269 [18 Cal.Rptr.2d 120].)
Two additional points are also worth mentioning. First, Code of Civil Procedure section 340.1 is a “special statute of limitations for some sexual molestations,” and the Legislature may delimit its scope. {Snyder v. Boy Scouts of America, Inc., supra, 205 Cal.App.3d 1318, 1325.) Even if it could be shown that the underlying policy considerations create an inequitable result, the “courts are not at liberty to rethink that policy decision or rewrite the statute to extend its application to persons excluded by the Legislature.” {Ibid.) In short, this court cannot substitute its policy judgments for those of our Legislature.
Second, Debbie Reynolds was decided three years ago this month. The Legislature has been very aware of this statute and the court interpretations of its provisions. On two prior occasions where the Legislature did not agree with a decision of the courts, it immediately amended the statute. Its silence in the face of the Debbie Reynolds decision strongly suggests that that court’s interpretation is correct.
*389 IV
The judgment is reversed as to Brother Atherton, and the plaintiffs shall recover their costs only as to him. The judgment is affirmed as to the Western Province of the Servites, Inc., which shall recover its costs on appeal.
Rylaarsdam, J., concurred.

The statute lists Penal Code sections 266j, 285, 286, subdivisions (b)(1) or (2) and (c), 288, subdivisions (a) or (b), 288a, subdivisions (b)(1) or (2) and (c), 289, subdivisions (h), (i), or (j), 647.6, or “any prior laws of this state of similar effect at the time the act was committed.” (Code Civ. Proc., § 340.1, subd. (b).)

Because this case comes to us after demurrers were sustained without leave to amend, we are not called upon to decide whether Moyneur is entitled to damages for sexual abuse which is alleged to have occurred after he reached the age of majority.